# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ALFRED HICKS,**                                                                              **PETITIONER**

**v.**                                **No. 4:11CV25-P-V**

**CHRISTOPHER EPPS, ET AL.**                                            **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Alfred Hicks for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. The petitioner has not responded, and the time for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

On June 23, 2008, Alfred Hicks pled guilty in the Circuit Court of Sunflower County, Mississippi, to possession of a cell phone on Mississippi State Penitentiary grounds and was sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections ("MDOC") with five years to serve and three years of post-release supervision. The trial court ordered the sentence to run consecutively to another sentence Hicks was currently serving. Hicks made clear in his amended petition that he challenges only this conviction – which is the conviction the court will address in this case.

On May 7, 2008, Hicks filed a "Petition for Habeas Corpus Relief" in the Sunflower County Circuit Court; the petition was docketed as Cause No. 2008-0042-M. The petition was dismissed on March 20, 2009, on Hicks' own motion.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

At the time Hicks pled guilty, Mississippi statutory law made no allowance for a direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The Mississippi Supreme Court had, however, found an exception to this rule, allowing an appeal from a guilty plea within thirty days when a defendant challenges the legality of his sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977) and *Acker v. State*, 797 So.2d 966 (Miss. 2001). After July 1, 2008, effective date

of an amendment to MISS. CODE ANN. § 99-35-101, the exception was no longer available.[1] *Seal v. State*, 38 So.3d 635 (Miss. App. 2010). Hicks pled guilty before the amendment, and he benefits from the earlier exception.

Thus, under § 2244(d)(1)(A), thirty days (the time allowed for a direct appeal under Mississippi law) must be added to the original date Hicks' conviction became final. As such, Hicks' conviction became final on July 23, 2008, thirty days after he was sentenced on his guilty plea.[2] *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, Hicks' deadline for filing a federal petition for a writ of *habeas corpus* fell on July 23, 2009 (one year later). Further, Hicks' "Motion for Habeas Corpus Relief" was pending in state court from May 7, 2008, to March 20, 2009. However, Hicks pled guilty on June 23, 2008; thus, he filed his application for state post-conviction relief *before* he was convicted through his guilty plea. The federal *habeas corpus* filing deadline is tolled only while state post-conviction proceedings are pending, not before. As one cannot toll a limitations period before it begins to run, Hicks only benefits from tolling after June 23, 2008, the date of his guilty plea. Thus, the limitations period was tolled from June 23,

---

[1] A criminal defendant who pleads guilty – but nonetheless wishes to challenge the legality of his sentence – is not without remedy in state court, as he may bring such a challenge through a collateral attack upon his sentence under the Mississippi Post-Conviction Collateral Relief Act, MISS. CODE ANN. § 99-39-1, *et seq*.

[2] When Hicks pled guilty, the Mississippi Supreme Court had found an exception to this rule, allowing an appeal from a guilty plea within thirty days when a defendant challenges the legality of his sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977) and *Acker v. State*, 797 So.2d 966 (Miss. 2001). After July 1, 2008, effective date of an amendment to MISS. CODE ANN. § 99-35-101, the exception was no longer available. *Seal v. State*, 38 So.3d 635 (Miss. App. 2010). Hicks pled guilty before the amendment, and he benefits from the earlier exception. Thus, under *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) and § 2244(d)(1)(A) thirty days (the time allowed for a direct appeal under Mississippi law) must be added to the original date Hicks' conviction became final.

2008 (the date he pled guilty) until March 20, 2009 (the date he voluntarily dismissed his state application for post-conviction relief) – a total of 270 days. Therefore, the deadline for Hicks to file his federal petition for a writ of *habeas corpus* became March 20, 2009. As discussed above, the federal *habeas corpus* limitations period is also tolled during the time a petitioner could have prosecuted a direct appeal (thirty days) – in this case from June 23, 2008, through July 23, 2008.[3] This moves the deadline for filing a federal *habeas corpus* petition to April 19, 2010 (March 20, 2010 + 30 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on January 26, 2011, and the date it was received and stamped as "filed" in the district court on January 31, 2011. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 282 days after the April 19, 2010, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely

---

[3]Because the petitioner filed his application for state post-conviction collateral relief *before* his guilty plea was entered on the docket, the thirty-day period to prosecute a direct appeal actually *overlaps* the period during which his state post-conviction application was pending. The court has not seen this situation before, but doubts that the petitioner can – or should – be permitted to reap the benefit of the both the time to appeal and statutory tolling when they so overlap. In any event, as will be discussed, the present petition is untimely – even with such "double counting" – and thus does not affect the resolution of this case.

filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

      **SO ORDERED,** this 26th day of July, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE